IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LIVIA M. SCOTTO,

        Plaintiff,

    vs.

WILLIAM J. MUNN, and NELNET,
INC.,

        Defendants.

**4:19CV3011**


**MEMORANDUM
AND ORDER**

Plaintiff filed her Complaint on February 6, 2019. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a pro se litigant and resident of Valrico, Florida, filed a pro se form Complaint and Request for Injunction. The caption names "Nelnet et al and All et all and Any Other Filed Heretofore" as Defendants, and William J. Munn is named as an additional Defendant within the body of the Complaint. (*See* Filing No. 1 at CM/ECF pp. 1–2.) Plaintiff omitted page 2 of the form which is designated for identifying the defendants to the action. However, Plaintiff attached to her Complaint what appear to be "Complaint" title pages which list 14 Defendants including Nelnet, William Munn, Jeffrey Noordhoek, the University of Hawaii, Maui Community College, and various federal agencies. (Filing No. 1-1 at CM/ECF pp. 1, 3–4.) In addition to the "Complaint" title pages, Plaintiff also attached purported certificates of service, notices, printed case law excerpts, and a partially completed Form AO93c for a warrant by telephone or other reliable electronic means. (Filing No. 1-1.)

In the caption of the Complaint, Plaintiff lists the following concepts or theories of recovery:

> 18 U.S.C. § 1344, 15 U.S.C. § 1692p
> Breech [sic], Loan Fraud (EFTA viol.)
> Illegal Collection Practice
> Deceptive Practice 18 U.S.C. §§ 1968: 1911: 68
> Bank Disgorgements
> 29 U.S.C. § 201-219, 31 U.S.C. § 3729,
> Notice of Lawsuit, Filed With
> Summons, Violations of False Claims Act.
> (Subpoena, Certificate of Service
> Motion to Appoint Counsel
> 28 U.S.C. §§ 1331, §§ 3732(a) 33 U.S.C. §§ 3729 et seq)
> 31 U.S.C. §§ 322 303-730

(Filing No. 1 at CM/ECF p. 1 (formatting alterations to original).)

The body of the Complaint alleges both diversity jurisdiction and federal question jurisdiction based on many of the same federal statutes identified in the caption with some additions and minor variations.[1] (*Id.* at CM/ECF p. 2.) Plaintiff's "Statement of Claim" alleges that the events giving rise to her claim occurred from "9/8/2003 thru 2/4/2019 to present date" and the facts underlying her claim are as follows: "Unauthorized Bank EFTA Disgorgements[,] Loan Fraud, Loan Diversion[,] University – Discriminatory Practice." (*Id.* at CM/ECF pp. 3–4.) In that portion of the form Complaint designated for Plaintiff's statement of "Irreparable Injury," Plaintiff wrote:

> In th[i]s case the Defendants having knowledge of financial crimes,
> used with intentional infliction of harms, thru assaults, detainment,

---

[1] The statutes listed by Plaintiff in support of federal question jurisdiction are: 28 U.S.C. § 201, 18 U.S.C. § 1334, 18 U.S.C. § 1967, 31 U.S.C. §§ 3729, 28 U.S.C. § 219, 15 U.S.C. § 1692p, 18 U.S.C. §§ 1911–1968, and 31 U.S.C. § 3729 *et seq*. (Filing No. 1 at CM/ECF p. 2.)

bank account EFTA, debits, electronic, cyber, loan hacking ident[it]y theft, attacked by two rottweillers [sic], near campus university developed retaliation, unendurable I have unemployed cause of injuries.

(*Id*. at CM/ECF p. 4.) As relief, Plaintiff seeks "confidential specified statutory, percuniary [sic], punitive, hedonic, special, damages." (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard and is nonsensical and incoherent. (*See generally* Filing No. 1.) *See Iqbal*, 556 U.S. at 677–78 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotations omitted)).

On the court's own motion and out of an abundance of caution,[2] Plaintiff shall have 30 days from the date of this Memorandum and Order to file an

---

[2] The court has serious doubts that Plaintiff is capable of filing an amended complaint that complies with Rule 8 given her extensive history of litigation in the federal courts. *See, e.g.*, *Scotto v. M. Dyer & Sons*, No. 18-CV-1665, 2018 WL 4760791, at *1 (M.D. Fla. Aug. 7, 2018) (dismissing Plaintiff's complaint because she "fail[ed] to provide a basis for jurisdiction, a statement of the claim, or a statement regarding damages or relief"); *Scotto v. Foster*, No. 18-CV-1666, 2018 WL 8584157, at *1 (M.D. Fla. July 27, 2018) (finding that Plaintiff's complaint, consisting of a "cover sheet that appends a seemingly random assortment of other unexplained documents," did not comply with the Federal Rules of Civil Procedure); *Scotto v. McClean*, No. 17-CV-2730, 2018 WL 1886568, at *2 (M.D. Fla. Jan. 30, 2018) (dismissing Plaintiff's second amended complaint because her "allegations [were] disorganized, confusing, and repetitive, and [were] not relevant to any cause of action"); *Scotto v. CUC Int'l*, No. 07-

amended complaint that sufficiently describes her claims against Defendants. *Plaintiff should be mindful to clearly explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **February 18, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims she wishes to pursue against all of the defendants she wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when the defendant did it, how the defendant's actions harmed her, and what specific legal rights Plaintiff believes the defendant violated. **Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint**.

2.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

CV-00213, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (dismissing Plaintiff's complaint because the court could not "understand the . . . claims" since the allegations were "incomprehensible" and did not "create[] any factual basis for an actionable claim against any named defendant).

3.     The clerk of the court is directed to set a pro se case management deadline using the following text: **February 18, 2020**: check for amended complaint.

Dated this 16th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge