IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIVIA M. SCOTTO,<br><br>               Plaintiff,<br><br>vs.<br><br>WILLIAM J. MUNN, and NELNET, INC.,<br><br>               Defendants. | 4:19CV3011<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on what the Court construes as two Motions to Reopen Case, Filing No. 34; Filing No. 35, submitted by Plaintiff Livia M. Scott ("Scotto") via e-mail to the Clerk of the Court and docketed in this case at the Court's direction. For the reasons that follow, the Motions are denied.

Both Motions consist of the Court's form "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference" and list various defendants including "All and Any Other Defendants Heretofore Filed et al," Filing No. 35, though the Motions do not specifically list the defendants identified in the caption of this case (William J. Munn and Nelnet, Inc.). Scotto also lists two case numbers in the caption, "4:19-cv-3011" and "04:24CV0300," and the Court believes the second case number refers to the Court's 2024 Pro Se Correspondence designation at 4:24-ps-03000, in which the Court recently returned materials mailed by Scotto to the Court. *See* Filing No. 67, Case No. 4:24-ps-03000. Scotto added different type-written notations to the caption of each Motion. In the first Motion at Filing No. 34, Scotto wrote:

    Motion to Reopen Case 4;19-CV-3011
    MOTION TO APPOINT COUNSEL UNDER EAJA
    EQUAL ACESS TO JUSTICE ACT, ORDER RECORDS
    HERETOFORE.

Filing No. 34 (spelling, punctuation, and capitalization as in original).  In the second Motion at Filing No. 35, Scotto wrote:

> Complaint Criminal Assaults Batter, Loan Fraud Retaliation
> FILED 20-1630
> Motion to Reopen Case 4;19-CV-3011
> MOTION TO APPOINT COUNSEL UNDER EAJA
> EQUAL ACESS TO JUSTICE ACT, ORDER RECORDS FOR HERETOFORE
> MOTION ORDER RECORDS
> APPEAL

Filing No. 35 (spelling, punctuation, and capitalization as in original).

The Court dismissed this matter on February 24, 2020, Filing No. 7; Filing No. 8, because Scotto failed to file an amended complaint after the Court determined on initial review that Scotto's Complaint failed to meet the minimal pleading standard set forth in Federal Rule of Civil Procedure 8 and was nonsensical and incoherent, Filing No. 6. Scotto filed an appeal to the Eighth Circuit Court of Appeals which was dismissed on August 7, 2020, for failure to prosecute.  Filing No. 29; Filing No. 30.  Plaintiff filed various post-appeal motions, which the Court denied because they were "nonsensical, merely containing bare, conclusory assertions that she is entitled to relief for reasons the court cannot discern."  Filing No. 32.  The Court also specifically "**cautioned [Scotto] against filing frivolous motions in this court**" as doing so "could result in further action by this court, including the imposition of sanctions including, but not limited to, filing restrictions."  *Id*. at 2 (emphasis in original).  The Court also noted its awareness that Scotto "is the subject of several filing injunctions in various courts."  *Id*. at 2 n.2 (citing *In re Scotto*, No. 8:18-MC-62-T23, 2018 WL 3860260 (M.D. Fla. Aug. 6, 2018) (implementing a "pre-filing review" process to "deter Scotto's frivolous filings and

2

to preserve the judiciary's resources"); *Scotto v. United States*, No. 16-CV-9125 (S.D.N.Y. Jan. 30, 2017); *In re Livia M. Scotto*, No. 11-MC-302 (D. Haw. Dec. 14, 2011)).

Now, four years after this matter was dismissed, Scotto has filed the present Motions purportedly seeking to reopen this matter for reasons unknown, as she offers no legal basis for setting aside the Court's judgment in this case. Scotto also has recently submitted several more e-mails and faxes to the Clerk of the Court and the undersigned's chambers, which are likewise unintelligible, appear to seek relief from a long list of defendants for reasons the Court cannot ascertain, and appear to contain case numbers for cases in other courts. To the extent Scotto seeks to have any of her additional e-mails and faxes filed in this case, the Court declines to accept such documents for filing in this case as this matter is closed, and the Court finds no reason to grant Scotto relief from the Court's judgment. Accordingly, the Court will deny Scotto's Motions to Reopen this case and will return Scotto's other e-mails and faxes to her through the 4:24-ps-03000 designation as such materials are not properly filed. *See* NECivR 5.1(c) ("A document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order.").

Additionally, the Court finds that Scotto's submission of nonsensical, frivolous filings to this Court despite the Court's previous admonishments against doing so, *see* Filing No. 32; Filing No. 67, Case No. 4:24-ps-03000; Filing No. 81, Case No. 4:20-ps-03000, warrants restrictions on Plaintiff's future filings in this Court. Therefore, the Court will now impose filing restrictions upon Plaintiff as follows:

1. The Clerk of the Court is directed not to accept any additional filings from Plaintiff Livia M. Scotto in this closed case. Any submissions sent by Scotto to this

Court shall be referred to the Supervising Pro Se Judge, or his successor, for review, and the Clerk of the Court is directed not to file any such submission until this review has been completed.

2. The Supervising Pro Se Judge shall review any such tendered submission, and if it is determined that the submission is frivolous or nonsensical and filed in contravention of this Memorandum and Order, then the submission shall be returned to Plaintiff without filing. A record of any such submission and return shall be maintained by the Clerk in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

3. The Court shall take no action on any submissions e-mailed or faxed to the Clerk of the Court or to any judge by Scotto and no e-mails or faxes submitted by Scotto will be filed or made part of the Court's records.

4. Plaintiff Livia M. Scotto is advised that while she is not prohibited from filing any new in forma pauperis actions, the Court will not hesitate to impose further filing restrictions should it appear she is abusing the privilege of proceeding in forma pauperis.

Based on the foregoing,

IT IS THEREFORE ORDERED that:

1. Scotto's Motions to Reopen Case, Filing No. 34; Filing No. 35, are denied.

2. Scotto's future filings are limited as set forth in this Memorandum and Order.

Dated this 14th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge